☐ ORIGINAL

United States District Court
District of Delaware

06    142

ROLAND WILLIAMS,

Case No. 0102014259

V.

STATE OF DELAWARE,



FILED
FEB 28 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MOVANT'S MEMORANDUM TO PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

DATED: 2/24/06

## PROCEDURAL HISTORY

The movant, Roland Williams, was indicted by a Grand Jury on Delivery of Cocaine on April 2, 2001, movant was scheduled for trial on July 31, 2001 in Kent County Superior Court. On August 2, 2001, movant was convicted of Delivery of cocaine. Thereafter, the State filed a motion to have movant declared a habitual offender. On December 13, 2001, movant was sentenced to life imprisonment. Movant's trial counselor appealed movant conviction and sentence to the Delaware Supreme Court. On July 8, 2002, movants conviction was reversed and remanded back to the Superior Court for a New trial. Trial Counselor filed a motion in Superior Court to have the assigned prosecutor removed from movant case. On January 13, 2003, the Superior Court denied the motion and the case was set for trial on January 20, 2004, movant was tried a second time by the same prosecutor that tainted movant first trial. Unfortunately on January 24, 2003, movant was convicted of Delivery of cocaine. The State filed a second motion asking the Court to sentence movant as a habitual offender. On May 23, 2003, movant was sentence to life imprisonment. Movant Counselor appealed movant's conviction to the Delaware Supreme Court. On June 4, 2004, the Supreme Court affirmed movant's conviction

movant filed a motion for post conviction Relief in the Superior Court. according to the commissioner's Report and Recommendations movant motion was denied. on July 12, 2005, for failure to avoid the procedural bars of 61(i) For failure to prove cause and prejudice. also For failure to have raised grounds three, and six on direct appeal.

## STATEMENT OF FACTS

On the night of February 15, 2001, the Dover Police were conducting surveillance at the Kent Apartments on New Street in Dover Delaware. This area is a high crime area known for open air drug sale. Officer Hosfelt of the Dover Police Department was positioned behind a second floor window with an unobstructed view of New Street. Officer Hosfelt observed Roland Williams (the "movant") on the street below, and observed movant approach a car that stopped in front of Kent appartments. Officer Hosfelt heard movant ask the driver what he wanted. The driver of the car was William Scott. Mr. Scott drove to New Street that evening to purchase cocaine. Scott testified at trial that he asked for a $20.00 piece of crack cocaine.

Officer Hosfelt testified that he observed Scott hand some money. He also testified that an unknown individual left the steps of a nearby residence, retrieved money from movant, handed drugs to movant, and movant handed drugs to Scott. Hosfelt radioed a marked police unit that arrested Scott a short distance away.

Hosfelt maintained surveillance of movant and had a second unit arrest him. Police located a bag of crack in Scotts vehicle. Scott identified movant as the person that sold him drugs both on the night of the offense and at trial.

Movant testified at both trials. In sum, movant testified that a third person had conducted the deal with Scott entirely on his own, and that he was simply at the wrong place at the wrong time.

## Legal Arguement

Ground 1. **CONSTITUTIONAL ERROR (Vie) INEFFECTIVE ASSISTANCE OF COUNSELOR.**

ON January 6, 2003, movant prior counselor Sandra W. Dean sent movant a copy of a motion being filed concerning the prosecutor in movant case. Counselor inform movant in that same letter dated January 6, 2003, that the motion had only a slim chance of success, because there is no legal rule or precedent to support it. Prior counselor had knowledge of a conflict between movant, and the prosecutor, concerning a police report that was presented into evidence from the beginning of movant's first trial concerning a Steffone Powell, the one that movant witness selling crack cocaine to the state witness, William Scott, on the night of Feb. 15, 2001, the conflict move the prosecutor to call movant a "lair" and vouch for the credibility of the state witnesse's. movant counselor did not explain the bias of the conflict in the motion's that was filed in movant's defense. then movant requested that counselor appeal the false testimony of the state witnesses William Scott, and officer James Hosfelt, but counselor denied movant that right. When said whether the jury did or did not believe the testimony of any witness (including you) is not a subject for appeal. See letter dated November 6, 2003.

(6.)

After the motion was denied on 1-15-03, Counselor refiled the motion without presenting the conflict as to why the prosecutor should have been remove from movant case. So The Supreme Court denied the motion a second time. Counselor presented the police Report in to evidence at movant's Second trial which allowed the conflict to resurface. So the State sought to impeach movant about Steffone powell, police Report a Second time with-out powell being present a second time. the police Report was prejudice, because it was used to impeach movant, and frame movant at both trials when Counselor could have went out and found Steffone Powell, because he lived with in the Jurisdiction. Counselor Should have presented the conflict in the motions that was filed in movant final appeal. not to do so was ineffective assistance.

(7.)

# Legal Arguement

## Ground 2. IEFFECTIVE ASSISTANCE OF COUNSELOR

Movant can show in fact that he was convicted upon false testimony that was given by the prosecution witnesses officer James Hosfelt, and William Scott, movant claim ineffective assistance. because movant prior counselor had knowledge of the false testimony from the beginning of movant first trial, thru the conclusion of movant second trial, and during trial counselor should have object to the false testimony but counselor allowed the false testimony to be presented into evidence which was prejudice toward movant defense. and when movant requested for counselor to appeal the false testimony on his final appeal counselor denied movant request in a letter dated November 6, 2003. when said whether the jury did or did not believe the testimony of any witness (including movant) is not a subject for appeal. movant dissagree because the testimony of the State's witnesses was the sole evidence that convicted movant at both trials.

8

It is a fact that state witness William Scott, testified at movant first trial, and at movant second trial, that he was right in front of Kent apartments see (Exhibit "A") A-80-A-81. also see (Exhibit C) A-30-A-31. it is a fact that Officer James Hosfelt testified that movant was at 16 New Street see (Exhibit B) A-126-A127. according to the diagram that was presented into evidence Exhibit E. the testimony that was presented show in fact two different crime scenes. but in the State closing arguements before the Jury, he stated that the State witnesses had testified the same. see the state closing arguements in ground four Facts it is a fact that State witness Officer James Hosfelt, estimated the crime scene to be fifty feet away, it is a fact that the defense expert witness an investigator for the office of the defense counselor, took measurements of the crime scene. and testified that from the window where Officer Hosfelt, was set up was approximately 99 feet which in distance is 33 to 34 yards away see diagram Exhibit E.

It is a fact that William Scott, testified that movant stuck his head in the window and asked Scott, what he wanted see. A-33 Exhibit C. It is a fact that officer Hosfelt testified that he heard movant say "what do you want," as movant was walking toward Scotts, car. see. A-62 Exhibit D. it is a fact that William Scott, testified that the dealer handed him the cocaine first, then he handed them the money. See A-35 Exhibit C. it is a fact that officer Hosfelt, testified when asked did mr. Scott, hand this person the money before or after the person handed him the cocaine. from what the officer can recall, the money came and then the dope came back. see A-65-A-66 Exhibit D. movant hope, and pray that this honorable court could see the injustice in this matter. because when you're poor, and homeless and useing drugs you can't defend yourself people will sacrafice you even when you're innocent.

## Legal Arguement

**Ground 3.** <u>IEFFECTIVE ASSISTANCE OF COUNSELOR.</u>

Movant Claim counselor did not do all that she could to present the witness'es that movant requested from the beginning of his first trial. movant gave his statement to counselor that movant witness Steffone powell, sell drugs to william Scott, on February 15,2001. from that time to the beginning of movant second trial counselor should have contacted Steffone powell, within a two year span counselor did not locate Steffone powell, and he lived in Dover was a Juvenile at that time. for counselor to say that she could not locate Steffone powell, was faulty. movant was deprived of his right to confront witness. as for Sherelle morris, movant was walking with Ms. Morris on the night of February 15,2001. on New Street when the police came around the corner the information that i gave to my counselor is not the information that was given to Sherelle morris, by the defense investigator, according to her response in the letter in ground 3. facts. My witness'es was Kept from my trial for fear of the truth being revealed. it wasn't fair for counselor to present Steffone powell, police Report as evidence which created a conflict between movant and the prosecutor.

11

## Legal Arguement

**Ground 4.** <ins>PROSECUTORIAL MISCONDUCT (VIE) INEFFECTIVE ASSISTANCE OF COUNSELOR.</ins>

Movant claim the prosecutor arguements to the jury about the testimony of the state witnesses was ~~false~~ true when he said that they testified the same. The prosecutor was bias when he allowed movant to be convicted twice on faulty evidence. It was also ineffective assistance when counselor presented Steffone Powell, police report in to evidence at movant second trial, because the prosecutor created a conflict at movant first trial when he called movant a laiR, and vouched for the credibility of the state witness's Officer James Hosfelt, and William Scott, after the Supreme court overturned movant sentence and conviction the same prosecutor sought to convict movant about the same police Report of Steffone Powell, movant didn't have a chance on having a fair trial.

## Conclusion

Movant have presented all the evidence which was the testimony given by the State witnesses, and other statements that was made during the trials, movant has done the best he could do in his difficult situation. movant sincerely ask this honorable court to carefully review all the facts that have been presented in this petition and to be fair as you possibly can to see that Justice pravail.

For the reasons cited in the foregoing arguements movant conviction must be reversed. in the alternative, movant life sentence must be vacated.

Dated: 2/24/06                             Sign: Roland Williams