IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROLAND WILLIAMS, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civ. Act. No. 06-142-GMS |
| : | |
| RICHARD KEARNEY, : | |
| Warden, and **CARL C. DANBERG**, : | |
| Attorney General for the State of Delaware, : | |
| : | |
| Respondents. : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In February 2001, the petitioner, Roland Williams, was arrested and he was subsequently indicted on charges of delivery of cocaine and related offenses. *See* Del. Super. Ct. Crim. Dkt. Item 1 in case no. 0102014259. In August 2001, Williams was found guilty of delivery of cocaine by a Superior Court jury.[1] *See Williams v. State*, 803 A.2d 927, 927 (Del. 2002). The prosecutor moved to have Williams sentenced as an habitual offender. *See* DEL. CODE ANN. TIT. 11, § 4214(b). Following a hearing, the Superior Court granted the motion and Williams was sentenced to life in prison. *Williams*, 803 A.2d at 927. On direct appeal, Williams' conviction was reversed and remanded by the Delaware Supreme Court because of inappropriate remarks by the prosecutor during closing argument. *Id.*

A second jury trial was held in January 2003. Once again, a jury found Williams guilty of delivery of cocaine, and he was again determined to be an habitual offender. On May 23,

---

[1] The prosecutor later entered a *nolle prosequi* as to the two related offenses. *See* Del. Super. Ct. Dkt. Item 31.

2003, a Superior Court judge sentenced Williams to life in prison. *See generally* Del. Super. Ct. Dkt. On direct appeal, Williams' conviction and sentence were affirmed. *Williams v. State*, 2004 WL 1284199 (Del. June 4, 2004).

In December 2004, Williams moved for postconviction relief under Superior Court Criminal Rule 61. In July 2005, after consideration of defense counsel's response and the prosecution's answer, the commissioner filed her report and recommendations to Superior Court recommending that Williams' motion be denied. Williams attempted to appeal the commissioner's order to the Delaware Supreme Court, but the appeal was dismissed for lack of jurisdiction to review a criminal interlocutory appeal. *Williams v. State*, 2005 WL 2233218 (Del. Sept. 12, 2005). On November 7, 2005, the commissioner's report and recommendation was adopted by the Superior Court, thereby denying Williams' postconviction claims as procedurally barred. *See* Del. Super. Ct. Crim. Dkt. Item 102. Williams did not appeal from the Superior Court's denial of his postconviction motion.

Facts

As detailed by the Delaware Supreme Court in *Williams v. State*, 803 A.2d 927, 927-28 (Del. 2002), the facts leading to Williams' arrest and conviction are as follows:

> On the evening of February 15, 2001, police were conducting surveillance of the Kent Apartments on New Street in Dover, Delaware, a high drug area. Officer Hosfelt of the Dover Police Department was positioned behind a second floor window with an unobstructed view of New Street, which was about fifty feet from the window. Officer Hosfelt observed Williams on the street below, and saw him approach a car that had pulled over in front of the Kent Apartments. Through an open window, Officer Hosfelt heard Williams ask the driver of the vehicle what he wanted. The driver was one William Scott, who drove to New Street that evening, alone, in order to purchase cocaine. Scott testified that he asked Williams for a twenty dollar piece of crack cocaine.
>
> Officer Hosfelt further testified that he saw Scott hand Williams some money. Then, according to the officer, a third man came out of a nearby residence and took the money from Williams. That man then passed drugs to Williams, which

Williams immediately handed to Scott. At this point, Officer Hosfelt radioed in what he had witnessed and Scott was apprehended a short distance away. The police found a piece of crack cocaine in a baggie in Scott's car. Meanwhile, Officer Hosfelt maintained surveillance of Williams and directed another police car to respond to his location and place Williams under arrest. After his arrest, Scott was brought back to the scene of the drug buy and asked to identify the seller. By this time, Williams had already been arrested. Scott identified Williams as the person who sold him the crack cocaine.

At trial, Williams testified in his own defense that the third man had conducted the drug deal with Scott entirely on his own, and that he, Williams, was simply in the wrong place at the wrong time.

## Discussion

In his petition for federal habeas relief, Williams raises four grounds for relief: (1) his counsel provided ineffective assistance by failing to present evidence of prosecutor bias in a motion for assignment of a different prosecutor (D.I. 1 at 5; D.I. 2 at 6-7); (2) his counsel should have objected to the allegedly false testimony of Officer Hosfelt and William Scott (D.I. 1 at 6; D.I. 2 at 8-10); (3) counsel was ineffective for failure to call Sherelle Morris and Steffone Powell to testify at trial (D.I. 1 at 6; D.I. 2 at 11); and (4) prosecutorial misconduct for allowing false testimony (D.I. 1 at 6; D.I. 2 at 12).

A state petitioner seeking federal habeas relief must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994). In order to demonstrate that a claim has been exhausted in state court, a petitioner "must show that he presented each claim to the Delaware Supreme Court." *Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993); *See also Picard*, 404 U.S. at 275; *Stevens v. Delaware Corr'l Center*, 295 F.3d 361, 369 (3d Cir. 2002); *Burkett v. Love*, 89 F.3d 135, 138 (3d Cir. 1996); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993). Although Williams presented his claims to the Superior Court in his postconviction motion, he did not

appeal from the denial of that motion and thus did not present his claims to the Delaware Supreme Court. As a result, his claims are unexhausted. *See Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986).

Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition, *Rose v. Lundy*, 455 U.S. 509 (1982), or a stay of the federal habeas proceedings to allow the prisoner to exhaust state court remedies (*Rhines v. Weber*, 544 U.S. 269 (2005)). If, however, there is no available state remedy, then Williams is excused from the exhaustion requirement with respect to these claims. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille*, 489 U.S. at 351-52. First, Williams cannot now return to the Delaware Supreme Court and raise these issues on appeal because any appeal from the denial of his state postconviction motion would be dismissed as untimely. *See* Del. Supr. Ct. R. 6(a)(iii) (a notice of appeal must be filed within thirty days after entry of an order denying postconviction relief); *Jones v. Carroll*, 388 F. Supp. 2d 413, 422 n.5 (D. Del. 2005); *Qualls v. Williams*, 2004 WL 2283595, *3 (D. Del. Sept. 29, 2004). If Williams now tried to raise these claims in state court, the claims would be barred under Superior Court Criminal Rule 61(i)(4) as previously adjudicated unless reconsideration of the claim was warranted in the interest of justice. *See, e.g., McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 512-13 (D. Del. 2003). In addition, Williams' prosecutorial misconduct claim would also be barred under Criminal Rule 61(i)(3) for failure to have raised the claim on direct appeal of his conviction. *See id.*

Thus, because there is no available state remedy, Williams is excused from the exhaustion requirement. *See Teague*, 489 U.S. at 297-98; *Castille*, 489 U.S. at 351-52; *Lines v. Larkin*, 208 F.3d 153, 160 (3d Cir. 2000); *Clark v. Pennsylvania*, 892 F.2d 1142, 1146-47 (3d Cir. 1989); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 454 (D. Del. 1998); *Dawson v. Snyder*, 988 F.

4

Supp. 783, 804 (D. Del. 1997). Although deemed exhausted, such claims are still considered to be procedurally barred. *Lines*, 208 F.3d at 160. Thus, because Williams procedurally defaulted his claims in the state courts, federal habeas review is barred unless he establishes cause for his procedural default in the state courts and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claim. *See Coleman*, 501 U.S. at 750-51; *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *McLaughlin*, 270 F. Supp. 2d at 513. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986). To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982). Williams has failed to allege cause for his failure to appeal to the Delaware Supreme Court from the denial of his postconviction motion, and the claims can be dismissed on that basis alone. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *McLaughlin*, 270 F. Supp. 2d at 501. Moreover, the miscarriage of justice does not apply because Williams has not alleged any facts to establish his actual innocence. *See, e.g., White v. Carroll*, 416 F. Supp. 2d 270, 282 (D. Del. 2006).

Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Williams' first trial (July 31 – Aug. 2, 2001), habitual offender hearing and sentencing (Dec. 13, 2001), second trial (Jan. 21 & 23, 2003), and sentencing (May 23, 2003) have been prepared. In the event that

the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Del. Bar. ID No. 3759
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
elizabeth.mcfarlan@state.de.us

Date: July 5, 2006

Westlaw.

Not Reported in F.Supp.2d
2004 WL 2283595 (D.Del.)
(Cite as: 2004 WL 2283595 (D.Del.))

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Luther QUALLS, Petitioner,
v.
Raphael WILLIAMS, Warden, Respondent.
No. Civ.A. 02-1257-KAJ.

Sept. 29, 2004.

Luther Qualls. Petitioner, pro se.

Loren C. Meyers, Chief of Appeals Division, Delaware Department of Justice, Wilmington, Delaware, for Respondent.

MEMORANDUM OPINION

JORDAN, J.

I. INTRODUCTION

*1 Petitioner Luther Qualls is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the Court is Qualls' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2; D.I. 7; D.I. 19.) For the reasons that follow, I will dismiss Qualls' § 2254 petition.

II. FACTUAL AND PROCEDURAL BACKGROUND

In July 2000, a Delaware Superior Court grand jury indictment charged Qualls with aggravated menacing, attempted second degree assault, possession of a deadly weapon during the commission of a felony, two counts of third degree unlawful sexual contact, and resisting arrest. These charges stemmed from an altercation occurring on June 3, 2000 at a restaurant/bar located in Wilmington, Delaware.

In January 2001, a Delaware Superior Court jury convicted Qualls of aggravated menacing, the weapons offense, and resisting arrest. The Superior Court judge dismissed one count of unlawful sexual contact, and the prosecution entered a *nolle prosequi* on the attempted assault charge and the remaining count of unlawful sexual contact. In April 2001, the Superior Court sentenced Qualls to 26 years imprisonment, suspended after 7 1/2 years, for a total of 14 3/4 years at a halfway house and on probation. The Delaware Supreme Court affirmed the convictions and sentence on direct appeal. *Ryons v. State,* No.190,2001 (Del. Oct. 17, 2001).

In January 2002, Qualls filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61. [FN1] He alleged: (1) various ineffective assistance of counsel claims; (2) the Superior Court erred in denying his motion to dismiss counsel; (3) the jury was racially biased and he was prevented from taking part in the jury selection process; (4) various evidentiary errors; and (5) prosecutorial misconduct. (D.I. 18, Rule 61 Motion in *State v. Ryons (aka Qualls),* filed Jan. 14, 2002). The Superior Court summarily dismissed the claims alleging trial errors as barred by Delaware Superior Court Rule 61(d)(4) because he should have raised these claims during his direct appeal. (D.I. 18, *State v. Ryons,* ID# :0006002195, Order (Del.Super.Ct. Jan. 30, 2002)). However, the Superior Court ordered trial counsel to answer the ineffective assistance of counsel allegations. *Id.* On March 11, 2002, the Superior Court issued a Final Order dismissing the entire Rule 61 motion, finding that Qualls' trial counsel had provided effective assistance of counsel. (D.I. 18, *State v. Ryons,* ID# :0006002195, Final Order (Del.Super.Ct. Mar. 11, 2002)). Qualls did not appeal.

> FN1. Qualls filed a Rule 61 motion in April 2001, while his appeal was pending. The Superior Court denied the motion without prejudice, holding that the pendency of Qualls' direct appeal divested it of jurisdiction.

In June and July of 2002, Qualls filed an initial § 2254 petition and a second petition in this Court. (D.I. 2; D.I. 3.) After the State filed its Answer, (D.I.16.), Qualls filed an amended petition. (D.I.19.) The State filed an Answer to the Amended Petition, (D.I.25.), and Qualls filed a "Motion of Opposition to Respondent [sic] Answer." [FN2] (D.I.28.)

> FN2. Because Qualls' "Motion in Opposition" is



Not Reported in F.Supp.2d
2004 WL 2283595 (D.Del.)
(Cite as: 2004 WL 2283595 (D.Del.))

Page 2

really a Traverse, I will refer to it as a Traverse rather than as a motion.

\*2 Quall's § 2254 petition is now ready for review.

III. EXHAUSTION AND PROCEDURAL DEFAULT

A federal district court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When seeking habeas relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. According to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir.2000).

To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder*, 2000 WL 1897290, at \*2 (D.Del. Dec. 22, 2000). However, if the petitioner raised the issue on direct appeal in the correct procedural manner, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1996); *Evans v. Court of Common Pleas, Delaware County, Pennsylvania*, 959 F.2d 1227, 1230 (3d Cir.1992) (citations omitted).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir.2000); *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are still considered to be procedurally defaulted. *Lines*, 208 F.3d at 160. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir.1999); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1999); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir.1992).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

\*3 Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir.2001). In order to demonstrate a miscarriage of justice, the petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). A petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney*, 294 F.3d 506, 522-24 (3d Cir.2002).

IV. DISCUSSION

Qualls filed an initial § 2254 petition, (D.I.2.), a second petition, (D.I.3.), and an amended petition. (D.I.19.) The

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
2004 WL 2283595 (D.Del.)
(Cite as: 2004 WL 2283595 (D.Del.))

Page 3

State correctly asserts that the amended petition merely supplements the claims raised in Qualls' two previous petitions. (D.I.25.) Viewed together, these petitions allege six claims: (1) the prosecution failed to disclose all favorable evidence to Qualls, constituting prosecutorial misconduct and violating Qualls' due process and equal protection rights; (2) Qualls' trial counsel provided ineffective assistance by failing to object to inadmissible evidence, by failing to argue on the basis of the Delaware Rules of Evidence and other rules of law, and by failing to conduct a DNA investigation; (3) Qualls' conviction is illegal because the grand or petit jury was unconstitutionally selected and impaneled; (4) Qualls' conviction is illegal because the Delaware police officers never tagged all articles as evidence, thereby violating his due process rights; (5) the Superior Court violated Qualls' constitutional rights by refusing to appoint new trial counsel; and (6) his punishment for an offense for which he was acquitted constitutes a double jeopardy violation.

The State correctly asserts that Qualls has not exhausted state remedies. Qualls raised the same claims he asserts in his § 2254 petition to the Delaware Superior Court in his Rule 61 motion, but he never appealed the Superior Court's denial of the motion to the Delaware Supreme Court. His failure to exhaust state remedies is excused, however, because state procedural rules would prevent him from pursuing further state court relief. *See Coleman,* 501 U.S. at 750; *Lines,* 208 F.3d at 160. First, any attempt now to file an appeal with the Delaware Supreme Court would be dismissed as untimely. *See* Del.Supr. Ct. R. 6(a)(iii) (A notice of appeal must be filed within thirty days after entry of an order denying post-conviction relief); *Carr v. State,* 554 A.2d 778, 779 (Del.1989) (Failure to file a notice of appeal within the thirty-day time limit deprives the Delaware Supreme Court of jurisdiction to hear the appeal). Second, because Qualls raised these claims in his 2002 Rule 61 motion, he cannot now assert these claims in a new Rule 61 motion to the Delaware Superior Court in an effort to appeal from the resulting decision. *See* Del.Super. Ct.Crim. Rule 61(i)(4)(preventing further state review of claims formerly adjudicated); *Kendall v. Attorney General of Delaware,* 2002 WL 531221, at *4 (D.Del. Mar. 26, 2002).

*4 Although Qualls' failure to exhaust state remedies is excused, these claims are still procedurally defaulted. Consequently, federal habeas review is foreclosed unless Qualls establishes cause for his procedural default and prejudice resulting therefrom, or that a miscarriage of justice will result if the court refuses to hear the claims. *See Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Harris,* 489 U.S. at 262; *Caswell v. Ryan,* 953 F.2d 853, 860-61 (3d Cir.1992).

In his Traverse, Qualls contends that he did not deliberately bypass state procedural rules when he failed to appeal the Superior Court denial of his Rule 61 motion. Rather, he blames his procedural default on his lack of legal knowledge and misinformation given to him by the prison paralegal. (D.I. 28 at ¶ 2.) To the extent these assertions are his attempt to establish cause for his default, they fail. "Generally, 'cause' cannot be based on the mere inadvertence of the petitioner or the petitioner's counsel to take an appeal." *Cristin v. Brennan,* 281 F.3d 404, 420 (3d Cir.2002). Qualls' failure to demonstrate cause obviates any need to reach the issue of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986).

Finally, even though Qualls contends that he is innocent, his conclusory statement fails to satisfy the miscarriage of justice exception to the procedural default doctrine. (D.I. 28 at ¶¶ 3, "Conclusion"). In order to establish actual innocence sufficient to demonstrate a miscarriage of justice, a petitioner must assert "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Hubbard v. Pinchak,* 378 F.3d 333, 339-40 (3d Cir.2004). Here, Qualls does not present any new evidence; rather, his Traverse merely reasserts the claims he raised in his § 2254 petitions. Thus, because Qualls has failed to provide any reason to excuse his procedural default, I will dismiss his § 2254 petition as procedurally barred.

V. CERTIFICATE OF APPEALABILITY

Finally, I must decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
2004 WL 2283595 (D.Del.)
(Cite as: 2004 WL 2283595 (D.Del.))

Page 4

petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

*5 I conclude that Qualls' habeas petition must be dismissed as procedurally barred. Reasonable jurists would not find this conclusion to be unreasonable. Thus, I will not issue a certificate of appealability.

V. CONCLUSION

For the reasons stated, Qualls' petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate Order shall issue.

ORDER

At Wilmington, this 29th day of September, 2004, consistent with the Memorandum Opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Petitioner Luther Qualls' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I. 2; D.I. 7; D.I. 19.)

2. The Court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

2004 WL 2283595 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:02CV01257 (Docket) (Jul. 01, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2006, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF. I also hereby certify that on July 5, 2006, I have mailed by United States Postal Service, the same documents to the following non-registered participant:

Roland Williams
SBI No. 454319
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us